UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY R. REMING and PATRICIA A. REMING,<br><br>Plaintiffs,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., *et al.*,<br><br>Defendants. | Case No. C11-1609RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Holland America's and the HAL Defendants' "Motion for Protective Order" (Dkt. # 50). Defendants ask the Court to enter an order protecting them from having to disclose to Plaintiffs the names and contact information of the nearly 2,800 passengers who visited Cliff Diver's Plaza in Mexico in the year prior to Plaintiff Gary Reming's unfortunate accident there. For the reasons set forth below, the Court GRANTS the request.

**I. BACKGROUND**

Mr. Reming was injured in November 2010 while visiting Cliff Diver's Plaza, a public tourist attraction in Mazatlan, Mexico, as part of a tour operated by Defendant Tropical Tours. Amended Complaint (Dkt. # 43) at ¶ 20. As he was walking on the Plaza, the ground beneath him suddenly collapsed, causing him to fall nearly 22 feet into an underground pit. Id. He and his wife filed suit the following year.

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER – 1

## II.  DISCUSSION

The discovery hurdle is not a high one.  A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," so long as it "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Still, it is a hurdle.  "[R]easonably calculated" requires more than pure speculation.  Id.  And the Court "must limit the frequency or extent of discovery" for a variety of other reasons as well, including "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

In addition, even if none of those circumstances apply, Federal Rule of Civil Procedure 26(c) allows a court the discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for "good cause."  "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002); see Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

In the present case, Defendants make two arguments in favor of non-disclosure. First, they contend that they are contractually obligated to protect their passengers' privacy and that disclosure would cause them both direct and indirect financial harm. See Mot. (Dkt. # 50) at 6–8.  They point out that, even under the best of circumstances, Plaintiffs' claim against them hinges on Defendants' knowledge of the alleged defective condition in the Plaza and that, despite being provided with Defendants' own internal records of guest complaints and comments and the contact information for the other passengers on Plaintiffs' tour, Dkt. # 51 at ¶¶ 3–5, there is no evidence that anyone was even aware of a problem, let alone that they notified Defendants.  E.g., Reply (Dkt. # 57)

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER – 2

at 2–3.  They argue that Plaintiffs are on nothing more than "a fishing expedition" designed to harass them and increase litigation expenses.  Id. at 3; Dkt. # 50 at 8.

Second, they contend that their passenger list is a trade secret.  Dkt. # 50 at 8–11.

**A. Privacy Concerns**

The Court turns first to Defendants' assertion that the privacy interests of its passengers outweigh the minimal utility of Plaintiffs' alleged "fishing expedition."

At the outset, the Court notes that, even assuming Plaintiffs' request is "reasonably calculated to lead to the discovery of admissible evidence," it is only so by the barest of margins.  What other passengers knew is only important to the extent it bares on the question of what Defendants' knew.[1]  And, importantly, discovering what Defendants knew can be accomplished in a far more direct manner:  inquiring of Defendants themselves.[2]  Cf. Fed. R. Civ. P. 26(b)(2) ("more convenient").  Plaintiffs have already taken advantage of this opportunity.  They have taken multiple Rule 30(b)(6) depositions, and Defendants have provided them with "all the Mazatlan shore excursion related documents," see Dkt. # 51 ¶ at 5, which include detailed records of even the most mundane passenger complaints and comments, see Dkt. # 59-1.  None support Plaintiffs' suggestion that other passengers may have noticed a defect or, if any

---

[1] The Court notes that Plaintiffs do not agree with this position, applying admiralty principles to argue that Defendants owed a "duty of reasonable inspection" and are therefore liable for any injuries caused by a defective condition at the Plaza that they could have discovered.  See Resp. (Dkt. # 56) at 4–5.  For present purposes, the Court finds that position unlikely and thus confines its focus to discovery that is reasonably calculated to lead to the discovery of admissible evidence related to what Defendants knew.  See Fed. R. Civ. P. 26(b)(2).  If Plaintiffs later convince the Court that their legal position is correct, they may move to revisit the discovery issue.

[2] Moreover, the Court notes that Plaintiffs can also inquire directly of Defendant Tropical Tours as to the conditions at the Plaza and whether any customers had voiced complaints or concerns.

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER – 3

did, that they voiced their concerns to Defendants.[3]  Notably, there is also no allegation or indication that Defendants are not acting in accordance with their obligation to disclose responsive documents.[4]  As a result, the Court finds that, for present purposes, the requested discovery is both "unreasonably cumulative" and "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

In addition, Defendants have raised sufficiently particularized concerns about the cost of complying with Plaintiffs' request.  As Defendants' exhibits reflect, passengers do not appreciate being dragged into other passengers' litigation.  E.g., Dkt. # 59 at ¶¶ 5–7.  And, one of the major selling points of the industry is the opportunity to "get away from it all" on a "hassle-free" vacation.  Dkt. # 59-2 at 10.  Thus, were the Court to require Defendants to disclose their passengers' names and contact information, Defendants would likely lose both good will and future business.  Given the unlikelihood of any benefit resulting from the proposed discovery, the Court therefore finds that "good cause" exists to "issue an order to protect [Defendants] . . . from annoyance . . . [and] undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  It finds that no disclosure is warranted at this time.  Fed. R. Civ. P. 26(c)(1)(A).

**B.  Trade Secret**

Defendants trade secret argument is unavailing.  Plaintiffs are merely former

---

[3] Frankly, the only evidence Plaintiffs have provided the Court that would even support the inference of any pre-accident notice is Defendants' that "people in the area reportedly warned Mr. Reming not to walk in the subject area" but that he "ignored the signs and verbal warnings" and "jumped over rocks placed in the area to prevent tourists from walking in the subject area."  Dkt. # 56-1 at 15.  However, Plaintiffs' scant reliance on this allegation, and Mr. Reming's deposition testimony about the lack of any indication of a defect, Dkt. # 58-2 at 6, suggests to the Court that these actions did not relate to an awareness of the defective condition at the Plaza but rather more general tourist boundaries.  See also supra n.1.

[4] Were the Court to learn that this is not the case, the consequences would be harsh.  Cf. E.E.O.C. v. Fry's Electrs., Inc., No. C10–1562RSL, 2012 WL 2576283 (W.D. Wash. July 3, 2012).

ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER – 4

passengers, not competitors, and have agreed to sign an appropriate protective order to maintain the confidentiality of Defendants' list.  See Fed. R. Civ. P. 26(c)(1)(G).

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendants' motion (Dkt. # 50).  At the present time, Defendants need not disclose the names of those passengers who visited Cliff Diver's Plaza in the year preceding Mr. Reming's accident.

DATED this 27th day of August, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge