UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY A. REMING and PATRICIA A. REMING,<br><br>  Plaintiffs,<br><br>  v.<br><br>HOLLAND AMERICA LINE INC., *et al.*,<br><br>  Defendants. | Case No.  C11-1609RSL<br><br>ORDER GRANTING MOTION TO CONTINUE TRIAL AND RELATED DEADLINES |

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion to Amend Case Scheduling Order to Continue Trial and Related Deadlines for Six Months" (Dkt. # 88).  Plaintiffs seek to continue the trial date and related deadlines to give them additional time to serve defendant Tropical Tours SA DE ("Tropical Tours"), a Mexican corporation.  Defendants object to continuing the trial date and contend that a delay is unnecessary and will prejudice defendants.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) This case arises out of plaintiff Gary Reming's fall into an underground pit while walking on a sidewalk in Mazatlan, Mexico.   Dkt. # 43 ¶ 20.  Mr. Reming and his wife were

ORDER GRANTING MOTION
TO CONTINUE TRIAL- 1

visiting Mazatlan as part of a cruise operated by Holland America Line Inc. ("HAL"), Holland America Line N.V., HAL Antillen N.V., and HAL Nederland N.V. (collectively "Holland America"). Id. ¶ 19. At the time of Mr. Reming's fall, the plaintiffs were taking a tour given by Tropical Tours. Id. ¶ 20.

(2) Plaintiffs filed the complaint in this case on September 27, 2011, alleging claims of deceit, negligence, negligent misrepresentation and loss of consortium against Holland America. Dkt. # 1. In March 2012, the Court entered the parties' stipulation and order allowing plaintiffs to amend the complaint to add Tropical Tours as a defendant. Dkt. # 27. Less than two weeks after filing the first amended complaint, plaintiffs sought leave of court to file a second amended complaint. Dkt. # 31. The Court granted plaintiffs' request to file a second amended and plaintiffs filed the second amended complaint on April 20, 2012. Dkt. # 41; Dkt. # 43.

(3) After plaintiffs added Tropical Tours as a defendant in this case, plaintiffs promptly initiated the process to serve Tropical Tours in Mexico. Dkt. # 90 ¶¶ 2-3. Plaintiffs engaged APS International, Ltd ("APS") to arrange for service of the summons and second amended complaint on Tropical Tours in Mexico. Id. ¶¶ 3-5. As part of the foreign service process, the Court appointed APS the international process server to serve Tropical Tours in this case. Dkt. # 49. On June 12, 2012, plaintiffs sent the required translated and certified documents to APS and on June 15, 2012, APS sent the documents to the Mexican Central Authority to serve on Tropical Tours. Dkt. 90 ¶¶ 9-10. APS informed plaintiffs that service on Tropical Tours may take four to six months or longer from the time the request was submitted. Id., Ex. 2.

(4) On November 29, 2012, plaintiffs learned that the Mexican government attempted to serve Tropical Tours on October 9, 2012, but the address and name provided were that of the company's tourism booth, not the actual corporation. Id., Ex. 4. APS gave plaintiffs the correct name and address of the entity they seek to serve in Mexico and explained that plaintiffs would have to complete the entire process again after revising the documents to reflect the correct name and address. Id.

ORDER GRANTING MOTION
TO CONTINUE TRIAL- 2

(5) Since the time plaintiffs filed the second amended complaint, Holland America has withdrawn a motion for summary judgment, Dkt. # 46, filed a new motion for summary judgment, Dkt. # 63, and continued the noting date of the second motion for summary judgment four times, Dkt. # 68; Dkt. # 69; Dkt. # 70, Dkt. # 71.  Holland America renoted its motion for summary judgment based on plaintiffs' request for additional time to respond and the ongoing settlement negotiations between the parties.  Dkt. # 68; Dkt. # 69; Dkt. # 70, Dkt. # 71.  Trial is scheduled to begin February 4, 2012.  Dkt. # 15.

(6) Federal Rule of Civil Procedure 16(b)(4) provides that a court's scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  District courts have broad discretion to grant or deny a motion to continue the trial.  United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985).  Despite diligent effort by plaintiffs, the Tropical Tours has not been properly served in this case.  See dkt. # 90 ¶¶ 3-15.  Plaintiffs investigated and relied on information produced by Holland America to identify the name and address of Tropical Tours.  Id. ¶ 15, Ex. 5.  Plaintiffs have been diligent in pursuing service on a Mexican corporation.  The Court finds that plaintiffs have demonstrated good cause for continuing the trial date.

(7) Holland America contends that it will be prejudiced by delay, but it has failed to show how it will suffer significant prejudice if the Court continues the trial date.   Dkt. # 91 at 3-5.  Additional expenditures for continued litigation do little to establish prejudice.  Moreover, the Court finds that it the interest of judicial economy and efficiency weigh in favor of continuing the trial and related deadlines.  The Court GRANTS plaintiffs' motion to continue the trial and continues the trial date to September 9, 2013.

For all the foregoing reasons, the Court GRANTS plaintiff's motion to continue the trial (Dkt. # 88).  The Clerk of the Court will issue a new Case Management Order.

ORDER GRANTING MOTION
TO CONTINUE TRIAL- 3

1  DATED this 9th day of January, 2013.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO CONTINUE TRIAL- 4