UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY A. REMING and PATRICIA A. REMING,

    Plaintiffs,

v.

HOLLAND AMERICA LINE INC., *et al.*,

    Defendants.

Case No. C11-1609RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR STAY OF BRIEFING AND CASE DEADLINES

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion for Stay of Briefing and Case Deadlines " (Dkt. # 124). Plaintiffs ask the Court to stay the remaining deadlines in the Court's case management order, as well as the summary judgment proceedings, pending service of process on defendant Tropical Tours Baja Cabo S.A. DE C.V. ("Tropical Tours"). Defendants respond that plaintiffs have had ample opportunity to perfect service. Dkt. # 115 at 5-7. Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion.

## II. BACKGROUND

Since the Court entered the parties' stipulated order granting plaintiffs leave to add Tropical Tours as a defendant in March 2012, Dkt. # 27, plaintiffs have been attempting to effect

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR STAY - 1

proper service on Tropical Tours in Mexico. Their first attempt failed due to errors in both Tropical Tours' corporate name and address.

In February 2013, the Court granted defendants' motion for summary judgment, leaving just plaintiffs' negligent selection, training, supervision and retention claim against defendants remaining. Dkt. # 105 at 12. One week later, defendants moved for summary judgment on that claim. Dkt. # 109. Plaintiffs responded by filing a motion to continue defendants' summary judgment until June 21, 2013, to allow them time to serve Tropical Tours and conduct discovery prior to submitting their response. Dkt. # 113. Although plaintiffs did not make the requisite showing for a continuance under Rule 56(d), the Court granted plaintiffs' motion to give effect to the Court's earlier orders allowing the addition of Tropical Tours as a defendant and continuing the trial date. Dkt. # 119 at 3.

Because plaintiffs still have not perfected service on Tropical Tours, they now seek to stay the entire case pending service. Dkt. # 124 at 5-6. Defendants claim that plaintiffs have had ample time and opportunity to perfect service on Tropical Tours and the resolution of plaintiffs' remaining claim against them should not be delayed indefinitely.

## III. DISCUSSION

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997). The party seeking the stay bears the burden of establishing its need. Id. at 708. District courts must weigh "the possible damage which may result from granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Considering these factors, the Court finds that plaintiffs fail to show a stay of the entire case is necessary. Plaintiffs claim that they will suffer hardship by proceeding with their case against defendants if they are required to respond to defendants' summary judgment motion without obtaining discovery from Tropical Tours. Dkt. # 124 at 5. However, the Court

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR STAY - 2

previously determined that plaintiffs were not entitled to a continuance of defendants' summary judgment motion under Rule 56(d). Dkt. # 119 at 3. Thus, plaintiffs' contention that staying the entire case "will promote an efficient and fair resolution of this case" because it will allow them to conduct discovery is not persuasive. Id. Despite plaintiffs' argument to the contrary, the Court's earlier orders providing time for plaintiffs to serve Tropical Tours do not suggest that an indefinite delay in this case is warranted. Balancing the Court's interest in an orderly course of justice with the potential harm plaintiffs face by proceeding without a stay, the Court DENIES plaintiffs' motion to stay the entire case.

However, the Court is persuaded that granting a stay of plaintiffs' case against Tropical Tours is warranted. Service of process on Tropical Tours is governed by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 [1969] ("Hague Convention" or the "Convention"), an international treaty to which the United States and Mexico are signatories. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988) ("[c]ompliance with the Convention is mandatory in all cases to which it applies."). The Hague Convention requires each signatory country to establish a central authority to receive requests for service of process from other countries. Id. at 698-99. The central authority is solely responsible for serving the documents or having them served "by a method prescribed by its internal law for service of documents in domestic actions upon persons who are within its territory." Art. 5(a). Unlike Rule 4, which requires plaintiffs to serve defendants within 120 days, Fed. R. Civ. P. 4(m), the Hague Convention does not impose a time limit on the country's central authority to effect service, Broad v. Mannesmann Anlagenbau, A.G., 196 F.3d 1075, 1077 (9th Cir. 1999).

Here, plaintiffs have provided all of the requisite documentation to Mexico's central authority and currently await notice that service has been completed. Because effective service is within the sole control of the central authority, the Court finds a limited stay is justified to allow plaintiffs a meaningful opportunity to pursue their claims against Tropical Tours.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR STAY - 3

Furthermore, defendants have not shown that they will suffer any prejudice if a stay is imposed with respect to Tropical Tours only.

While the Court, in its discretion, grants in part plaintiffs' motion for stay, it finds that a stay indefinite in duration is disfavored. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1058, 1066 (9th Cir. 2007). Having already given plaintiff more than one year to complete service of process on Tropical Tours, the Court finds that some deadline is necessary for service, lest this litigation stall with regards to the claims against Tropical Tours. Thus, service shall be accomplished on or before September 25, 2013, unless plaintiffs show good cause for the failure to do so.

## IV. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART plaintiffs' motion for stay (Dkt. # 124). The above-captioned matter is stayed with respect to defendant Tropical Tours only, pending completion of proper service on that defendant. Plaintiffs must notify the Court within seven days after receipt of confirmation of service of process on Tropical Tours. If, however, service of process has not been achieved by September 25, 2013, plaintiffs must file a status report informing the Court of this fact on or before September 27, 2013.

DATED this 28th day of June, 2013.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR STAY - 4