UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY A. REMING and PATRICIA A. REMING,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOLLAND AMERICA LINE INC., *et al.*,<br><br>    Defendants. | Case No.  C11-1609RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

This matter comes before the Court on a motion for summary judgment (Dkt. # 109) filed by Defendants Holland America Line Inc., Holland America Line N.V., HAL Antillen N.V., and HAL Nederland N.V. (collectively "HAL"). HAL seeks summary dismissal of Plaintiff Gary Reming's remaining claim of negligent selection and retention. For the reasons set forth below, the Court GRANTS HAL's motion.

**II. DISCUSSION**

**A.  Factual Background**

The background facts of this case are set forth in the Court's prior Order granting HAL's motion for partial summary judgment (Dkt. # 105) and will not be repeated here. Rather, this Order will focus on facts relevant to Plaintiff's claim that HAL was negligent in its selection and

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

retention of Tropical Tours Baja Cabo, S.A. DE C.V. ("Tropical Tours"), an independent contractor that provides shore excursions for cruise ship companies. Plaintiff alleges that HAL breached its duty to carefully inspect Tropical Tours before selecting it as an excursion provider and subsequently failed to investigate Tropical Tours' ongoing fitness to provide excursions. Dkt. # 107 ¶ 58.

When HAL considers whether to promote and sell a particular tour operator's excursion, it provides a bid request to the tour operator. As the Tour Operator Policies and Procedures ("TOPPS") Manual explains, the tour operator must submit a Tour Data Form to HAL's Excursion Department that includes among other things, a detailed description of the excursion, the timing, duration, and activity level of the excursion, specific safety hazards and risks related to the excursion, and any special transportation provided during the excursion. Dkt. # 131-2 at 7; Dkt. # 131-3 at 1-2; Dkt. # 131-4 at 6. As part of the initial selection process, HAL also reviews references from other cruise lines regarding the safety of the tour operator and the particular excursion. Dkt. # 131-8 at 36; Dkt. # 110 ¶ 6. If that information raises any concerns a HAL excursion manager investigates the issues. Dkt. # 110 ¶ 6

After HAL begins offering a particular excursion, it uses a variety of means to review the ongoing fitness of the tour operator and the excursions. First, HAL requires all tour operators to carry insurance and comply with the TOPPS manual. Dkt. # 110 ¶ 8. Pursuant to the terms of the TOPPS manual, tour operators are responsible for staying up-to-date on local safety and security issues that may affect their shore excursions. Dkt. # 131-4 at 6. Second, HAL's excursion manager on the ship meets with the tour operator each time the ship arrives in port. Dkt. # 131-9; Dkt. # 110 ¶ 9. Third, HAL reviews Voyage Reports containing guest complaints about the safety and quality of shore excursions and reviews written by HAL employees who participate in shore excursions. Dkt. # 110 ¶ 7; Dkt. # 131-8 at 39. Fourth, HAL maintains written reports of accidents and injuries sustained during shore excursions if a passenger goes to the infirmary. Dkt. # 110 ¶ 10. Fifth, HAL requires shore excursion managers to escort guest shore excursions regularly. Dkt. # 131-9 at 1-2; Dkt. # 131-10 at 39.

Tropical Tours has been providing shore excursions for HAL in Mexico for approximately thirty years. Dkt. # 110 ¶ 15. Prior to Mr. Reming's fall during Tropical Tours' Deluxe City Tour with Papantla Flyers (the "Deluxe City Tour") in Mazatlan, Mexico, on November 30, 2010, HAL did not receive any passenger complaints regarding the safety of that tour. Dkt. # 110 ¶ 18. In addition, Tropical Tours did not report any security or safety concerns related to Cliff Divers' Plaza, the location where Mr. Reming fell, during the three months preceding his fall. Dkt. # 133-1 at 3.

**B. Applicable Standard**

Despite Plaintiff's contention to the contrary, the Court finds that HAL's motion for summary judgment is not a motion for reconsideration. Although it is true that HAL previously moved to dismiss Plaintiff's other claims, dkt. # 63, HAL did not present any argument or evidence related to Plaintiff's negligent selection and retention claim in that motion, see dkt. # 105 at 10-11. Contrary to Plaintiff's argument, dkt. # 129 at 1, the Court has not yet had an opportunity to consider the merits of Mr. Reming's negligent selection and retention claim in the context of a summary judgment motion, dkt. # 105 at 10-11. Thus, the Court considers HAL's motion within the familiar framework of Rule 56 of the Federal Rules of Civil Procedure, not that provided by Local Civil Rule 7(g).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and identifying those portions of the materials in the record that show the absence of a genuine issue of fact, Fed. R. Civ. P. 56(c)(1). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla

of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

**C.  Motions to Strike**

In his opposition to HAL's motion for summary judgment, Plaintiff asks the Court to strike the declaration of Ellen Lynch because it contradicts her deposition testimony and is unsupported by competent facts.  Dkt. # 129 at 3-4.  However, a review of Ms. Lynch's declaration and the excerpts of her deposition transcript submitted by Plaintiff reveals that Ms. Lynch's declaration is consistent with her deposition testimony.  Compare Dkt. # 110, with dkt. # 131-8 at 33-39 and dkt. # 131-9 at 1-4.  Furthermore, Ms. Lynch's statements regarding Tropical Tours' reputation in the cruise line industry are based on her personal knowledge and more than fifteen years of experience working with Tropical Tours and other tour operators in the cruise line industry.  Dkt. # 110 ¶¶ 1-3.  Based on the Court's review of Ms. Lynch's declaration and the deposition testimony submitted by Plaintiff, as well as Plaintiff's failure to identify any specific deficiencies, the Court DENIES Plaintiff's motion to strike Ms. Lynch's declaration (Dkt. # 129).

In addition to seeking to strike Ms. Lynch's declaration, Plaintiff seeks to strike the declaration of Asia Wright and the exhibits attached to it filed by HAL in support of its reply memorandum.  Dkt. # 135 at 1.  Because this evidence was submitted in response to arguments raised by Plaintiff in his opposition, the Court DENIES Plaintiff's motion to strike (Dkt. # 135).

**C.  Analysis**

To succeed on his claim that HAL was negligent in its selection and retention of Tropical Tours, Plaintiff must show that Tropical Tours lacked competence in providing reasonably safe tours and HAL knew or should have known of this deficiency.  L.B. Foster Co. v. Hurnblad, 418

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

F.2d 727, 730 (9th Cir. 1969) (applying Washington law); see also Smolnikar, 787 F.Supp.2d at 1318 (applying similar standard for negligent hiring or retention of independent contractor under Florida law to claim against cruise ship operator).  The relevant inquiry is whether HAL diligently inquired into Tropical Tours' fitness before employing Tropical Tours as an independent contractor and since then.

There appears to be no dispute regarding HAL's initial inquiry into Tropical Tours' fitness at the time HAL hired Tropical Tours to provide the Deluxe City Tour.[1]  The primary dispute is whether, "during the course of [Tropical Tours'] employment, [HAL] was aware or should have been aware of problems evidencing the unfitness of [Tropical Tours], and failed to investigate or terminate [Tropical Tours]."  Smolnikar, 787 F.Supp.2d at 1318 n.7.  Plaintiff contends that HAL's continued use of Tropical Tours was negligent because HAL failed to implement a proactive accident avoidance program for Tropical Tours and HAL failed to act in response to clear signs of Tropical Tours' deficiencies.  Neither argument is persuasive.

First, Plaintiff's contention that HAL failed to closely monitor Tropical Tours and implement an accident prevention program fails to create a dispute of material fact as to the relevant legal inquiry.  Plaintiff acknowledges that the shore excursion manager on the ship meets with Tropical Tours each time the ship arrives at a port where Tropical Tours offers excursions and HAL reviews passenger complaints, employee comment forms, and injury reports from the ship's infirmary.  Dkt. # 129 at 16-17.  Nonetheless, Plaintiff contends these methods were insufficient to constitute a diligent inquiry into Tropical Tours' continued competence and fitness.   Dkt. # 129 at 16-17.  Plaintiff, however, does not provide any Washington or general federal common law authority to support his contention that HAL had a duty to implement an accident prevention program for its independent contractors.  Furthermore,

---

[1] Moreover, there is no evidence in the record regarding HAL's inquiry of Tropical Tours approximately thirty years ago.  Faced with this lack of evidence and the record in this case, the Court finds that a reasonable jury could not return a verdict in Plaintiff's favor.  Thus, Plaintiff's negligent selection claim is DISMISSED.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

relevant case law suggests that HAL satisfied its duty of inquiry by relying on the absence of passenger complaints, employee reports, and injury reports pertaining to the safety of the Deluxe City Tour, the strength of Tropical Tours' reputation and its history working with Tropical Tours. See Smolnikar, 787 F.Supp.2d at 1319-20. Absent some indication of a problem, HAL is not required to do more. See id. at 1320-21. Because Plaintiff fails to raise a genuine issue of material fact regarding HAL's inquiries and Plaintiff does not present any authority supporting his contention that these efforts were insufficient, the Court finds that no reasonable jury could conclude that HAL failed to diligently inquire as to Tropical Tours' continued competence. Smolnikar, 787 F.Supp.2d at 1319.

Second, Plaintiff's contention that HAL failed to respond to signs that Tropical Tours was not performing adequately is not supported by the evidence. Plaintiff relies on twelve passenger complaints and employee comments in Voyage Reports since 2006 that should have alerted HAL that the Deluxe City Tour was not safe. Dkt. # 129 at 18-19. Notably though, Plaintiff has not identified any guest or employee complaints regarding the safety of the Deluxe City Tour specifically, or Cliff Divers' Plaza. The only two complaints related to the Deluxe City Tour involved concerns that the stops on the tour were too crowded, there was too much traffic and too much shopping, the tour skipped a stop, and there was only one cliff diver at Cliff Divers' Plaza.[2] Dkt. # 131-9 at 8, 26. Plaintiff has not provided any other evidence that HAL received notice that should have prompted it to investigate further or cancel the Deluxe City Tour. Thus, the Court finds no genuine issues of material fact as to whether HAL was aware or should have been aware that the Deluxe City Tour presented safety concerns. The Court therefore GRANTS

---

[2] The only safety related complaints identified by Plaintiff involved a passenger who accidentally stepped in a hole next to a hotel pool during a clambake, dkt. # 131-10 at 16-17, a passenger who suffered a puncture when she stepped on "something" in the water during a snorkeling outing, dkt. # 131-9 at 35, a passenger who was stung by something in the water during a kayaking outing, dkt. # 131-9 at 36, and the lack of soap available in a restroom on a snorkeling boat, dkt. # 131-9 at 36. These isolated incidents on other excursions, however, are insufficient to place HAL on notice that the sidewalk at Cliff Divers' Plaza was not safe.

HAL's motion for summary judgment.

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS HAL's motion for summary judgment (Dkt. # 109).

DATED this 7th day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge