UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY R. REMING and PATRICIA A. REMING,

Plaintiffs,

v.

HOLLAND AMERICA LINE INC., a Washington corporation; HOLLAND AMERICA LINE N.V., a foreign corporation; HAL ANTILLEN N.V., a foreign corporation; HAL NEDERLAND N.V., a foreign corporation; and TROPICAL TOURS BAJA CABO, S.A. DE C.V, a foreign corporation,

Defendants.

Case No. C11-1609RSL

ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' "Motion for Alternative Service" (Dkt. #145). Plaintiffs move to utilize alternative means to serve defendant Tropical Tours Baja Cabo, S.A. de C.V. (Tropical Tours), a Mexican corporation. Motion (Dkt. #145) at 2. Specifically, plaintiffs request leave to serve defendant through international mail and email in accordance with Fed. R. Civ. P. (Rule) 4(f)(2)(C)(ii) or 4(f)(3). Id. at 4. Plaintiffs also ask permission to serve defendant through its New York insurer, Chartis Insurance (AIG). Id.

The Court has reviewed the parties' submissions. For the reasons discussed below, the

ORDER DENYING PLAINTIFFS'
MOTION FOR ALTERNATIVE SERVICE

Court DENIES plaintiffs' motion for alternative service.[1]

## II. DISCUSSION

### A. Background

While on a Holland American cruise, plaintiffs went on a shore excursion in Mazatlan, Mexico. Third Amended Complaint (Dkt. #107) at 5. This excursion was organized by defendant Tropical Tours. Id. While ashore, the sidewalk collapsed under plaintiff Gary Reming, causing him to fall into a twenty-two foot deep subterranean pit. Id.

After filing suit against Holland America Line Inc. and a number of Holland America subsidiaries (collectively "Holland American Line Inc."), and Tropical Tours, plaintiffs attempted to serve Tropical Tours in Mexico in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). Motion (Dkt. #145) at 4. The Mexican Central Authority failed to serve defendant at any of the addresses provided by plaintiffs. See id. at 5-6. Plaintiffs were given additional time to serve Tropical Tours and this Court set September 25, 2013 as the deadline for perfecting service. Order (Dkt. #136) at 4.

### B. Service Under Fed. R. Civ. P. 4

Under Rule 4(h)(2), a foreign corporation may be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(1) provides that an individual "may be served at a place not within any judicial district of the United States by any internationally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). As both the United States and Mexico are signatories to the Hague Service Convention, the Hague Service Convention provides "the exclusive means for service of process." See Volkswagenwerk

---

[1] The Court DENIES defendant Holland America Line Inc.'s various motions to strike (Dkt. #152) plaintiffs' declarations (Dkts. #146, 147, 148) as essentially moot because the Court does not rely on the declarations for its ruling.

ORDER DENYING PLAINTIFFS'
MOTION FOR ALTERNATIVE SERVICE        -2-

Aktiengesellschaft v. Schlunk, 486 U.S. 694, 706 (1988); McCarty v. Roos, No. 2:11-CV-1538 JCM (RJJ), 2012 WL 6138313, at *10 (D. Nev. Dec. 7, 2012).

The primary service method under the Hague Service Convention is through the signatory's Central Authority. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters arts. 2, 3, 5, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (Hague Service Convention). After receiving a request, the Central Authority serves the documents through its own internal service of process mechanisms. Id. art. 5. If a State does not object, Article 10(a) permits foreign persons "the freedom to send judicial documents, by postal channels, directly to persons abroad." Id. art. 10(a). When Mexico acceded to the Hague Service Convention, it objected to the alternative methods of service as follows:

> En relación con el articulo 10, los Estados Unidos Mexicanos no reconocen la facultad de remitir directamente los documentos judiciales a las personas que se encuentren en su territorio conforme a los procedimientos previstos en los incisos a), b) y c) ....[2]

Accession (with Declarations) of Mexico to the Hague Service Convention, 2117 U.N.T.S. 318, 319 (2000). This declaration means that "service through Mexico's Central Authority—that is, its ministry of foreign affairs—is the exclusive means by which effective service may be accomplished in Mexico." McCarty, 2012 WL 6138313, at *11.

Plaintiffs have requested permission to undertake alternative service through two provisions: Rules 4(f)(2)(C)(ii) and 4(f)(3). Rule 4(f)(2)(C)(ii) permits service by international mail "if there is no internationally agreed means, or if an international agreement allows but does

---

[2]Translated into English: "In relation to Article 10, the United Mexican States are opposed to the direct service of documents through diplomatic or consular agents to persons in Mexican territory according to the procedures described in sub-paragraphs a), b), and c)...." Accession (with Declarations) of Mexico to the Hague Service Convention, 2117 U.N.T.S. 318, 321 (2000) (English courtesy version). This translation is however erroneous as it makes it appear that Mexico did not object to all alternative forms of service available under Article 10. See OGM, Inc. v. Televisa, S.A. de C.V., No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *3 (C.D. Cal. April 15, 2009). This Court is bound by the original Mexico declaration, not the English courtesy translation. The Court therefore recognizes that Mexico has in fact objected to all forms of alternative service under Article 10.

ORDER DENYING PLAINTIFFS'
MOTION FOR ALTERNATIVE SERVICE      -3-

not specify other means." Fed. R. Civ. P. 4(f)(2)(C)(ii). As the Hague Service Convention applies, there is an "internationally agreed means" for effectuating service and Rule 4(f)(2) is inoperable in this action.

Service under Rule 4(f)(3) must be "directed by the court; and not prohibited by international agreement." Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). As the Hague Service Convention applies, Mexico's declaration objecting to alternative means of service under Article 10 bars this Court from permitting service by email or international mail under Rule 4(f)(3) as such service would be "prohibited by international agreement." See Compass Bank v. Katz, 287 F.R.D. 392, 396-97 (S.D. Tex. Sept. 27, 2012) (plaintiff cannot serve Mexican defendant by email); McCarty, 2012 WL 6138313, at *11 (plaintiff cannot serve Mexican defendant by international mail).

If the Hague Service Convention applies, this Court cannot permit plaintiffs to utilize alternative means of serving the defendant in Mexico. The Hague Service Convention "shall apply in all cases ... where there is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1. Plaintiffs have requested service by international mail on four addresses known to be associated with defendant. Motion (Dkt. #145) at 3. They therefore cannot reasonably argue that defendant's address is "not known." A "good faith attempt" to serve defendant, as claimed by plaintiffs, is an insufficient basis for this Court to circumvent the Hague Service Convention. See id. at 11. Plaintiffs' claims that Tropical Tours is "evading service and making it difficult" are unsubstantiated—plaintiffs have simply failed to effectuate service through the Mexican Central Authority as required by the Hague Service Convention. See id. at 14.

Plaintiffs' reliance on case law permitting alternative service on foreign defendants is misplaced. See id. at 9. In all three instances, the defendants were actually served with the summons and complaint. See Unite Nat'l Ret. Fund v. Ariela, Inc., 643 F.Supp.2d 328, 334

ORDER DENYING PLAINTIFFS'
MOTION FOR ALTERNATIVE SERVICE         -4-

(S.D.N.Y. 2008) (Mexican Central Authority served summons and complaint); Burda Media v. Viertel, 417 F.3d 292, 300-01 (2nd Cir. 2005) (issue concerning Certificate of Service); Myrtle v. Graham, No. 10-1677, 2011 WL 446397, at *2 (E.D. La. Feb. 4, 2011) (issue concerning Certificate of Service). The sole cited case where a court permitted alternative service on a Mexican defendant was based on the aforementioned erroneous translation of Mexico's declaration. See Ariela, 643 F.Supp.2d at 334. Plaintiffs' examples are distinguishable as Tropical Tours has not been served with the summons and complaint. This Court will not circumvent international law on the basis of plaintiffs' assertions that defendant likely has actual notice of the lawsuit due to its business relationship with Holland America Line Inc. Motion (Dkt. #145) at 12-14.

Plaintiffs' request to serve the summons and complaint on defendant's insurer, Chartis Insurance (AIG), is also not permitted by Rule 4. See id. at 4. Rule 4(h)(1)(B) permits service to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Under Rule 4(h)(1)(A), a corporation may also be served "in a manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(2)(C) permits service by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Plaintiffs have offered no evidence that Chartis Insurance (AIG) has been authorized as an agent to receive service of process on behalf of defendant Tropical Tours. Plaintiffs' request to serve defendant by serving the summons and complaint upon Chartis Insurance (AIG) is therefore denied.

## III. CONCLUSION

For all the foregoing reasons, the Court DENIES plaintiffs' motion for alternative service (Dkt. #145). Defendant Holland America Line Inc.'s various motions to strike are DENIED as moot (Dkt. #152). Because plaintiffs have failed to perfect service on Tropical Tours pursuant to the Court's earlier order (Dkt. #136), plaintiffs' claims against Tropical Tours are dismissed.

1  Plaintiffs' claims against Holland America Line Inc. were previously dismissed on summary
2  judgment. The clerk of the court is therefore directed to enter judgment against plaintiffs in favor
3  of Holland America Line Inc.

        DATED this 28th day of February, 2014.

                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION FOR ALTERNATIVE SERVICE        -6-